UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| v. | § | NO. 3:18-CR-0482-B |
| | § | |
| ANTYWON DAON DILLARD. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Antywon Daon Dillard's Motion to Dismiss Indictment (Doc. 185) based on an alleged violation of the Speedy Trial Act. Doc. 185, Mot. to Dismiss, 1 (citing 18 U.S.C. § 3161(b)). Dillard filed his motion on September 23, 2019, and the Government responded on September 25, 2019 (Doc. 191). The Court held a hearing on the motion on November 21, 2019. *See* Doc. 215, Electronic Minute Entry. For the reasons that follow, the Court **DENIES** Dillard's motion (Doc. 185).

## I.

## BACKGROUND

The Government filed a complaint against Dillard, and he was arrested, on August 22, 2018.[1] Doc. 1, Compl.; Doc. 10, Arrest Warrant. Dillard had his initial appearance on August 23, 2018, and he was temporarily detained. *See* Doc. 5; Doc. 7, Order. On the same day, the Government filed a motion for detention (Doc. 3). Following a detention hearing, on August 28, 2018, the magistrate judge granted the Government's detention motion. Doc. 9, Detention Order. Thereafter, on

---

[1] Dillard states that he was arrested on August 23, 2018. Doc. 185, Mot. to Dismiss, 1. Nonetheless, his arrest warrant states that he was arrested on August 22, 2018. Doc. 10, Arrest Warrant. For purposes of this motion, then, Dillard's arrest date is August 22, 2018.

- 1 -

September 10, 2018, the Government filed a joint motion to continue the time to indict Dillard, seeking a thirty-three-day continuance, and the magistrate judge granted the motion. Doc. 11, Joint Mot. to Continue; Doc. 12, Order. Then, on September 26, 2018, the Government filed an indictment (Doc. 14) charging Dillard.[2] Nearly one year later, Dillard challenges the indictment as violating the Speedy Trial Act. Doc. 185, Mot. to Dismiss, 1.

In his motion, Dillard contends that the delay in indicting him—from August 22, 2018 to September 26, 2018—violates 18 U.S.C. § 3161(b). *Id.* at 2. Although Dillard acknowledges the continuance, he claims that his counsel failed to consult with him about the motion. *Id.* at 4. Further, the electronic signature of Dillard's name that appears on the motion, he alleges, "was falsely used to indicate his agreement." *Id.* Based on his alleged lack of consent, Dillard requests that the Court dismiss the indictment with prejudice. *Id.* at 2–3 (citing 18 U.S.C. § 3162(a)(1)).

The Government, on the other hand, contends that Dillard's motion should be denied, because Dillard's counsel "specifically and explicitly agreed to the extension . . . ." Doc. 191, Gov't's Resp., 1. The Government attaches an email exchange between Dillard's former attorney and the attorney for the Government, in which the attorney for the Government asked if Dillard would be "willing to extend the time to indict his case for an extra 33 days," adding, "I think it will be in his interest." Doc. 191-1, Gov't's Resp., Ex. A. Dillard's attorney responded, "Yeah I'll agree." *Id.* The attorney for the Government subsequently replied, "Ok, [m]ay I file it as is?" *Id.* And Dillard's attorney responded, "Yes." *Id.* Based on this consent from Dillard's counsel, the Government

---

[2] Dillard was charged with: (1) conspiracy to possess with intent to distribute a controlled substance; (2) possession of a controlled substance with intent to distribute; and (3) possession of a firearm by a convicted felon. Doc. 14, Indictment, 1–5.

contends that Dillard's alleged failure to acquiesce to the continuance is irrelevant. Doc. 191, Gov't's Resp., 2.

Specifically, the Government states that the Fifth Circuit has held that the rights ensured under the Speedy Trial Act can be waived by counsel without the defendant's approval. *Id.* (citing *United States v. Valdez*, 548 F. App'x 995, 1003 (5th Cir. 2013) (per curiam); *New York v. Hill*, 528 U.S. 110, 115 (2000)). Further, the Government suggests that a waiver of rights bestowed by the Speedy Trial Act is a "'tactical decision' for which defense counsel need not obtain the defendant's consent." *Id.* at 4 (citations omitted). Moreover, the Government contends that because the Speedy Trial Act allows a motion to continue to be made at the request of the defendant *or* his counsel, "the Speedy Trial Act contemplates that such a scheduling question may be left solely to the lawyer." *Id.* (citations omitted).[3]

At oral argument, Dillard attempted to draw a distinction between cases cited by the Government, which contemplate pre-trial and pre-sentencing delays, and the case at hand, which involves a pre-indictment delay.

## II.

## LEGAL STANDARD

Under 18 U.S.C. § 3161(b), an indictment must be filed within thirty days from the day an individual is arrested. But in determining the number of days that have passed from arrest to indictment, certain "periods of delay" are "excluded," including:

---

[3]At the hearing, the Government added that, following Dillard's reasoning, the Government would have to personally ensure that each defendant consented to continuances, rather than rely upon defense counsel to provide consent on the defendant's behalf.

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Accordingly, where the court grants a continuance based on the request of "the defendant or his counsel or . . . the attorney for the Government," the resulting delay tolls the thirty-day clock imposed by 28 U.S.C. § 3161(b). § 3161(h)(7)(A).

## III.

## ANALYSIS

A.  *Dillard's Counsel's Consent to a Continuance Defeats Dillard's Speedy-Trial Claim.*

The Court rejects Dillard's speedy-trial claim. Dillard was indicted on September 26, 2018—well before the continuance's period of delay terminated. *See* Doc. 11, Joint Mot. to Continue; Doc. 14, Indictment. Accordingly, if Dillard's counsel could agree to the continuance without Dillard's consent, Dillard's speedy-trial claim fails.

Though the Supreme Court has not squarely addressed this issue, it concluded in *Hill* that a defense attorney's agreement to a trial date past the time period mandated by the Interstate Agreement on Detainers (IAD) precluded the defendant from seeking dismissal of his indictment. 528 U.S. at 111, 118. The IAD requires trial to commence within a 120-day period. *Id.* at 112 (citation omitted). If trial does not occur within this time frame, the IAD requires dismissal of the indictment. *Id.* (citation omitted). In *Hill*, the defendant's attorney agreed to a trial date suggested by the prosecutor that went beyond IAD's 120-day period for trial. *Id.* at 112–13. When the 120-day period had passed, the defendant moved to dismiss his indictment. *Id.* at 113.

The Supreme Court in *Hill* rejected his claim. *See id.* at 113, 118. Specifically, the Court

contrasted "fundamental rights" requiring an "informed waiver" from a defendant with "other rights" where "waiver may be effected by action of counsel." *Id.* at 114–15. "Scheduling matters," the Court stated, "are plainly among those [rights] for which agreement by counsel generally controls." *Id.* at 115. Turning to the waiver at issue, the Court emphasized that the case involved "merely agreement to a specified delay in trial." *Id.* And in such a case, "only counsel is in a position to assess the benefit or detriment of the delay to the defendant's case." *Id.*

The reasoning in *Hill* applies here, precluding Dillard's claim. Though the defendant in *Hill* relied on the time limits imposed by the IAD rather than the Speedy Trial Act, the Supreme Court was examining an agreed-upon delay—and treated it as a scheduling matter. *See id.* at 115. Similarly, here, this Court is analyzing an agreed-upon delay; thus, following the Supreme Court's rationale, it is a scheduling matter left to counsel.

Moreover, other courts have applied the rationale of *Hill* to reject a defendant's speedy-trial claim under the Speedy Trial Act. *See, e.g.*, *Valdez*, 548 F. App'x at 1003 (concluding that defense counsel could withdraw a motion brought under the Speedy Trial Act without the defendant's consent); *U.S. v. Villalobos*, 560 F. App'x 122, 124 n.1 (3d Cir. 2014) (holding that the fact that the defendant was not informed of his attorney's pre-indictment continuances was of no consequence because the defendant's "role in the scheduling process is immaterial").

Finally, the Court rejects Dillard's contention that pre-indictment delays should be treated differently than pre-trial delays. The Fifth Circuit, in *United States v. Vinagre-Hernandez*, arguably rejected this distinction in the context of the Speedy Trial Act. *See* 925 F.3d 761, 766 (5th Cir. 2019), *petition for cert. filed* (U.S. Aug. 23, 2019) (No. 19-5697) (finding "no precedent or reason to create this distinction" when determining which pretrial motions trigger excludable delays under the

Speedy Trial Act). In *Vinagre-Hernandez*, the Fifth Circuit analyzed whether a pre-indictment delay was an excludable delay at all—not whether a pre-indictment delay requires the defendant's consent. *Id.* But given that the Speedy Trial Act fails to draw a distinction between the granting of pre-indictment and pretrial delays, see § 3161(h)(7), the Court declines to do so here.

B.  *Even Absent the Granting of a Continuance, Dillard Was Timely Indicted.*

What's more, regardless of the continuance, Dillard was timely indicted due to the Government's motion for detention.[4] 18 U.S.C. § 3161(h)(1)(D) excludes from the thirty-day period for indictment "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . ." The Fifth Circuit has held that a motion for detention is one such pretrial motion. *Vinagre-Hernandez*, 925 F.3d at 766.

Dillard was arrested on August 22, 2018, meaning, absent excludable delays, the Government had to indict him by September 21, 2018. *See id.* at 765–66 (stating that the court, when computing time under the Speedy Trial Act, does not count the day of the arrest, but it does count the last day of the period). But the Government filed a motion for detention (Doc. 3) on August 23, 2018, which was resolved on August 28, 2018. *See* Doc. 9, Detention Order. August 23, 2018, through August 28, 2018, are therefore excludable from the thirty-day countdown. Excluding these days, the thirty-day clock began to run on August 29, 2018, meaning that Dillard had to be indicted by September 27, 2018. Given that Dillard was indicted on September 26, 2018, there was no Speedy Trial Act

---

[4] The parties did not address the effect of the detention motion in their briefings or in oral argument, but the Court includes it as an additional basis supporting the denial of Dillard's motion.

violation—regardless of the continuance granted.

## III.

## CONCLUSION

For the forgoing reasons, the Court **DENIES** Dillard's Motion to Dismiss Indictment (Doc. 185).

**SO ORDERED.**

**SIGNED: November 22, 2019.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE